1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   ELBERT LEE VAUGHT, IV,                    Case No. 20cv1500-MMA-RBB

12                            Plaintiff,        **ORDER GRANTING MOTION TO**
                                                **PROCEED IN FORMA PAUPERIS;**
13               vs.

14   ALBERT OPPEDISANO, PhD;                    [Doc. No. 3]
     JOHN DOE I, Board Chief Psychologist;
15   CHRISTOPHER HOEFT, Staff Attorney;         **DENYING MOTIONS FOR**
     GEORGE BAKERJIAN, Chief Counsel,           **APPOINTMENT OF COUNSEL;**
16
                             Defendants.        [Doc. Nos. 3, 6]
17

18

19                                              **DISMISSING COMPLAINT FOR**
                                                **FAILING TO STATE A CLAIM**
20                                              **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
                                                **AND § 1915A(b)**
21

22

23        Plaintiff Elbert Lee Vaught, IV, currently incarcerated at Richard J. Donovan State

24   Prison ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil

25   rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff did

26   not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but did file a Motion to

27   Proceed In Forma Pauperis ("IFP"). *See* Doc. No. 2. Plaintiff has also filed two Motions

28   to Appoint Counsel. *See* Doc. Nos. 3, 6.

1

## I.      Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Cervantes*, 493 F.3d at 1051.  However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams*, 775 F.3d at 1185, and regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("*King*").  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff's CDCR Statements and Prison Certificates show that he has carried an average monthly balance of $924.70, had $701.67 in average monthly deposits to his

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

account over the 6-month period immediately preceding the filing of his Complaint and had an available balance of $151.58 on the books at the time of filing.  *See* Doc. No. 4; 28 U.S.C. § 1915(a)(2); *King*, 398 F.3d at 1119.  Based on this accounting, the Court **GRANTS** Plaintiff leave to proceed IFP and imposes an initial partial filing fee of $184.94  pursuant to 28 U.S.C. § 1915(b)(1).  However, the Court will direct the Secretary of the CDCR, or his designee, to collect this initial filing fee *only if sufficient funds are available in Vaught's account at the time this Order is executed*.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.    Motions to Appoint Counsel

Plaintiff also seeks the appointment of counsel because the issues in his case are complex, he is a "layman at law," he cannot afford a typewriter, he is unable to afford a lawyer and claims his imprisonment will limit his ability to litigate.  Pl.'s Mot., Doc. No. 3 at 1-3; Doc. No. 6.  However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances."  *Id*.; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits'

3

and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'"  *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

   As currently pleaded, Plaintiff's Complaint demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).  *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970.  First, while Plaintiff may not be formally trained in law, his allegations, as liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims which are not legally "complex."  *Agyeman*, 390 F.3d at 1103.  Second, for the reasons discussed more fully below, Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against any of the named Defendants.  *Id*.  Therefore, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motions to Appoint Counsel without prejudice on that basis.  *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits).

## III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.    Standard of Review

   Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that

4

the targets of frivolous or malicious suits need not bear the expense of responding.'"
*Nordstrom v. Ryan*, 62 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Factual Allegations

Plaintiff underwent a Comprehensive Risk Assessment ("CRA"), which was conducted by Defendant Oppedisano, in September of 2019 in preparation for his Board of Parole Hearings ("BPH") hearing. Compl. at 3. Plaintiff contends Oppedisano "accused [him] of lying on more than one occasion" and refused to look at or receive documents from Plaintiff which contradicted Oppedisano's statements about Plaintiff's history and activities in prison. *Id.* He claims that Oppedisano's behavior was "a ploy to give Plaintiff a rating of 'high' with reasoning to where the board would not dig and just agree with the high risk [assessment] before Plaintiff even walked into the Board of

5

Parole Hearing . . . ." *Id*. at 5.  Plaintiff appears to have challenged the factual allegations contained in the CRA using a BPH 1135 form.  *Id.* at 6.  According to Plaintiff, "it was determined there was in fact a factual error in objection 1."  *Id.*  Plaintiff claims Defendant John Doe I, who he identifies as "BPH's Chief Psychologist," "determined the error did not materially impact [the] clinician's opinions regarding Vaught's risk of violence."  *Id.*  Plaintiff further claims that "[t]his agreement with clinician's opinions after [a] factual error being found . . . can only mean the Board's Chief Psychologist . . . staff attorney Christopher Hoeft and the Chief Counsel (A) George Bakerjian all have their head in the sand in quiet agreement with Dr. Oppedisano[] [whose] opinion was already found at fault."  *Id.*

Plaintiff contends his Eighth and Fourteenth Amendment rights have been violated by Defendants' actions.  Mot. to Appt. Counsel, Doc. No. 3 at 3-4.  He asks this Court to grant injunctive relief in the form of ordering a Supplemental Risk Assessment ("SRA") to be performed, "systemic change" to the manner in which CRAs are conducted to include a stenographer and a transcript of the proceedings, a "polygraph on voice stress analysis test," and compensatory, punitive and treble damages.  Compl at 7.

C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138 (9th Cir. 2012).

//

//

6

D.    Discussion

1.    Eighth Amendment Claim

The Supreme Court has outlined the parameters of the Eighth Amendment's prohibition of cruel and unusual punishments as follows:

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson* [*v. Seiter*, *supra*, 501 U.S., at 298, 111 S.Ct., at 2324; *see also Hudson v. McMillian*, *supra*, 503 U.S., at 5, 112 S.Ct., at 998; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes* [*v. Chapman*, supra, 452 U.S., at 347, 101 S.Ct., at 2399 . . . . [¶] The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S., at 297, 111 S.Ct., at 2323 (internal quotation marks, emphasis, and citations omitted). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid*.; *see also id.*, at 302–303, 111 S.Ct., at 2326; *Hudson v. McMillian*, *supra*, 503 U.S., at 8, 112 S.Ct., at 2480. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety, *Wilson*, *supra*, 501 U.S., at 302–303, 111 S.Ct., at 2326; *see also Helling*, *supra*, 509 U.S., at 34–35, 113 S.Ct., at 2481; *Hudson v. McMillian*, supra, 503 U.S., at 5, 112 S.Ct., at 998; *Estelle*, *supra*, 429 U.S., at 106, 97 S.Ct., at 292 . . . .

*Farmer v. Brennan*, 511 U.S. 825, 824 (1994); *see also Hudson v. McMillan*, 503 U.S. 1, 9 (1992) quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes*, 452 U.S. at 347 ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks omitted).

Plaintiff's allegation his CRA was conducted in an unfair or inaccurate manner is not sufficient to plausibly state an Eighth Amendment claim for relief against any Defendant.  *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.  Plaintiff does not allege any Defendant threatened to his physical safety, ignored any medical need, used unnecessary physical force against him, or deprived him "the minimal civilized measure

7

of life's necessities." *Rhodes*, 452 U.S. at 347.  The alleged irregularities in his CRA process are not "sufficiently serious" to allege an Eighth Amendment violation. *Farmer*, 511 U.S. at 824.

Plaintiff's allegations are also insufficient to plausibly suggest that the Defendants acted with "a culpable state of mind," i.e., deliberate indifference. *Wilson*, 501 U.S. at 302.  He claims that Oppedisano based his CRA on misleading depictions of Plaintiff's rehabilitation efforts in prison, inaccurate reports of his gang involvement, and mischaracterizations of his personal history and future plans.  Compl. at 1-6.  These allegations amount to a difference of opinion as to the level of risk Plaintiff poses upon release. But that is insufficient to establish deliberate indifference. *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) citing *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), overruled on other grounds in *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).  At most, his allegations suggest the Defendants' actions were negligent, which is also insufficient to show deliberate indifference. *See Farmer*, 511 U.S. at 835 (stating that "deliberate indifference describes a state of mind more blameworthy than negligence").  As presently pleaded, Plaintiff has not stated an Eighth Amendment claim.

## 2.    Due Process Claim

Plaintiff also alleges Defendant Oppedisano violated his Fourteenth Amendment due process rights by drafting and approving an inaccurate CRA which characterized Plaintiff as high risk and which resulted in the denial of parole.  Compl. at 1-6, Mot. for Appt. Counsel at 4.  The Fourteenth Amendment prohibits the deprivation of life, liberty or property without due process of law.  U.S. Const., amend. XIV.  "Application of this prohibition requires the familiar two-stage analysis: We must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).  A liberty interest may be created by the Constitution or by state law. *Meachum v. Fano*, 427 U.S. 215, 226 (1976).

8

Prisoners do not have a federal Constitutional right to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). California, however, has statutorily created a liberty interest in parole which is subject to due process protections. *Id.* "In the context of parole, we have held that the procedures required are minimal . . .[and require only] an opportunity to be heard and . . a statement of the reasons why parole was denied." *Id.* Here, Plaintiff admits he was present at both the risk assessment interview and at his parole hearing.  Compl. at 1-6.  His pleading shows he was given the opportunity to be heard at both.  *Id.*  He further alleges he was provided with the reasons for the conclusions in the CRA and for the denial of his parole. *Id.* at 4-6.  Accordingly, the allegations in his Complaint do not plausibly suggest a Fourteenth Amendment due process claims as to any Defendant.  *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

Further, as to Defendants John Doe I, Christopher Hoeft, and George Bakerjian, Plaintiff has not made any specific allegations as to how those Defendants' actions violated his constitutional rights.  "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that "[c]ausation is, of course, a required element of a § 1983 claim.").  The only factual detail from which the Court might reasonably infer a plausible constitutional claim as to Defendant Doe I is that he reviewed the finding that there was a factual error in Plaintiff's CRA and determined the error did not affect Defendant Oppedisano's evaluation and conclusion.  Compl. at 6.  But there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  "Because vicarious liability is inapplicable to . . . §1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege

9

with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).  Moreover, supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  Because he does not allege that Defendant Doe I "through [his] own individual actions, . . . violated the Constitution," Plaintiff has failed to state a claim as to Defendant Doe I.  *Iqbal*, 556 at 676; *Jones*, 733 F.2d at 649.

Plaintiff has not explained how Defendants Hoeft and Bakerjian actions violated his constitutional rights either. He names staff attorney Christopher Hoeft and Chief Counsel (A) George Bakerjian as Defendants, but the only allegations Plaintiff makes against them is that they "have their head in the sand in quiet agreement with Dr. Oppedisano[] who[se] opinion was already found at fault."  Compl. at 1, 6.  This is insufficient to lead the Court to reasonably infer a plausible constitutional claim as to Defendants Hoeft and  Bakerjian.  *Iqbal*, 556 at 676; *Jones*, 733 F.2d at 649.  As noted above, "[a] plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights."  *Barren*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Brooks*, 197 F.3d at 1248.

Finally, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570).  Plaintiff's Complaint does not contain sufficient factual allegations that Defendants John Doe I, Hoeft, or Bakerjian personally and through their own actions violated Plaintiff's constitutional rights.

//

//

//

10

**IV.    Conclusion and Order**

For the reasons explained, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3).

2.    **DIRECTS** the Secretary of the CDCR, or his designee, to forward whatever the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

5.    **DENIES** Plaintiff's Motions to Appoint Counsel without prejudice [Doc. Nos. 3, 6].

4.    **DISMISSES** Plaintiff's claims for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

11

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

DATED: September 30, 2020

HON. MICHAEL M. ANELLO
United States District Judge

12